### 16390. KOCH *v.* THOMPSON.

LUKE, J. This case arises by reason of a judgment of nonsuit to a petition for the recovery of damages because of an alleged trespass in the cutting of timber. The evidence did not make the case alleged in the petition, and the court properly sustained a motion for a nonsuit.

*Judgment affirmed. Bloodworth, J., concurs. Broyles, C. J., dissents.*

DECIDED JUNE 12, 1925.

Action of trespass; from Fulton superior court—Judge E. D. Thomas. January 22, 1925.

The action was for damages because of the cutting of trees on land alleged to be the property of the plaintiffs in fee simple. The judgment excepted to was as follows: "This case coming on for trial, the jury stricken, and testimony offered by plaintiff Elizabeth

Koch, and it appearing that plaintiff conveyed a bond-for-title interest to one McCurdy and the same was outstanding at the time of alleged trespass, a nonsuit in said case is hereby granted." The testimony of Elizabeth Koch was, that the plaintiffs had a fee-simple title to the tract of land described in the petition, on December 19, 1919, and on that day gave W. M. McCurdy and H. M. Stone a bond for title to it and possession of the property; that after McCurdy and Stone took possession they leased to the defendant a part of the property, to be used as pasturage; that the part used by the defendant was covered with trees at the time he began using it, and that, without authority from the plaintiffs, he cut down and destroyed about one hundred trees, of a stated value; that in 1921 Stone transferred his interest in the bond and in the property to McCurdy, and in 1923 McCurdy transferred the bond for title back to the plaintiffs and surrendered possession to them, and they subsequently filed the suit.

*F. E. Radensleben,* for plaintiffs, cited: 29 *Ga.* 485; 21 *Ga.* 504; 91 Cal. 377 (13 L. R. A. 680); 128 Mass. 304; 82 Maine, 231; 51 Maine, 407; 34 Ill. 522; 132 Penn. 363; 70 Wis. 96; 71 Md. 149; 149 Mass. 581; Civil Code (1910), § 3695; 80 *Ga.* 74; 105 *Ga.* 253; 56 *Ga.* 166; 38 *Ga.* 191.

*Spence & Spence,* for defendant, cited 6 *Ga. App.* 484-7.